

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-13-875

| | |
|---|---|
| DANNY WAYNE FLIPPEN<br>APPELLANT | Opinion Delivered April 9, 2014 |
| V. | APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT [NO. CV-2009-387] |
| MICHAEL R. JONES AND DENISE A. JONES<br>APPELLEES | HONORABLE STEPHEN TABOR, JUDGE<br><br>AFFIRMED |

## JOHN MAUZY PITTMAN, Judge

This is an appeal from a finding of civil contempt. Appellant contracted to purchase a home but did not close the transaction, citing structural defects in the foundation as his reason. Appellees sued for specific performance and prevailed at trial. Appellant appealed to this court, and we affirmed the trial court's decision in *Flippen v. Jones*, 2011 Ark. App. 191, 382 S.W.3d 695. Following the appeal upholding the order of specific performance, appellant twice attempted to obtain financing for the home purchase but was unable to do so because he lacked sufficient funds for an adequate down payment and his debt-to-income ratio was too high. Appellant filed a report of these efforts with the trial court. Shortly thereafter, appellant purchased a different home with his fiancée as a co-signer. The trial court found him in contempt for failure to explore alternative financing options and for rendering himself incapable of specifically performing by purchasing another home. On appeal, appellant challenges the sufficiency of the evidence to support the trial court's order.

The trial court wrote a well-reasoned opinion explaining the finding of contempt and award to appellees of $3,906.37 for real-estate taxes and insurance. The court said:

> Certain facts seem evident to the Court after the hearing of testimony in this case. First, [appellant] made some good-faith efforts to obtain a loan to purchase the subject house after the mandate was received from the Arkansas Court of Appeals. Second, [appellant] subsequently made a conscious decision to purchase another house knowing his actions would render it impossible for him to comply with the Court's previous order. It is likely, in the Court's view, that he could have obtained a loan to purchase the subject residence with the aid of his fiancée, Shannon Gould (as was done with the home he purchased). While Ms. Gould was under no obligation to assist [appellant] in complying with the Court's directives, [appellant] had an obligation to the Court he ignored in choosing his course of action. It is not lost on the Court that the purchase of the second home was consummated just weeks after the filing of the Report on [Appellant's] Efforts. The combination of these factors leads the Court to the inescapable conclusion that [appellant] acted in contempt of this Court's Opinion and Judgment filed November 24, 2009, when he purchased the second home on June 9, 2011.

The disobedience of any valid judgment, order, or decree of a court having jurisdiction to enter it may constitute contempt. *Scudder v. Ramsey*, 2013 Ark. 115, ___ S.W.3d ___. Noncompliance with a court's order is not of itself contemptuous; the noncompliance must constitute willful disobedience for a finding of contempt. *Albarran v. Liberty Healthcare Management*, 2013 Ark. App. 738, ___ S.W.3d ___. Civil contempt proceedings are instituted to preserve and enforce the rights of private parties to suits and to compel obedience to orders made for the benefit of those parties. *Scudder v. Ramsey*, *supra*. The standard of review for civil contempt proceedings is whether the circuit court's finding is clearly against the preponderance of the evidence. *Id.* Here, although appellant filed a report with the trial court concerning his limited efforts to comply with the order of specific performance, he neither sought nor obtained the trial court's permission to terminate his

efforts to comply with the court's order and our mandate before willfully rendering himself incapable of doing so by purchasing a different house.  Under these circumstances, we hold that the trial court did not clearly err in finding appellant to be in contempt.

Affirmed.

GLOVER and VAUGHT, JJ., agree.

*Gean, Gean & Gean*, by: *Roy Gean, III*, for appellant.

*Gilker & Jones, P.A.*, by: *Christopher F. Woomer*, for appellees.